IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

Frederick Howard,

          Plaintiff,

v.                            Case No. 4:19-cv-159-MLB

Officer Jackson,

          Defendant.

_____/

## OPINION & ORDER

Plaintiff Frederick Howard, an inmate at Hays State Prison in Trion, Georgia, filed a pro se amended complaint under 42 U.S.C. § 1983. (Dkt. 3.) The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending Plaintiff's individual-capacity Eighth Amendment excessive force claim against Officer Jackson be allowed to proceed. (Dkt. 19.) When, as here, a party files no objections to a magistrate judge's recommendation, a court reviews the record for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). After doing so, the Court finds no error in the Magistrate Judge's recommendation.

Plaintiff names as Defendant "Officer Jackson," a correctional officer at Hays State Prison. (Dkt. 3 at 3.) Plaintiff alleges that, on June 28, 2019, Officer Jackson physically assaulted him while he was handcuffed. (*Id.*) Plaintiff specifically claims Officer Jackson picked him up off the floor and slammed him onto the floor, elbowed him in his face and head, and applied pressure to his neck. (*Id.*)

The Magistrate Judge recommends Plaintiff's claim be allowed to proceed because his allegations that Officer Jackson physically assaulted him while he was handcuffed, which must be accepted as true, state an excessive force claim sufficient to survive a frivolity review. (Dkt. 19 at 4.) The Court finds no plain error. *See* 28 U.S.C. § 1915A (a federal court must dismiss an action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief"); *Grissendaner v. Comm'r, Ga. Dep't of Corr.*, 803 F.3d 565, 578 (11th Cir. 2015) (the Court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) ("To state a [Section 1983 claim], a plaintiff must allege that (1) the defendant deprived him of a right secured under

2

the United States Constitution or federal law and (2) such deprivation occurred under color of state law."); *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) ("[W]henever prison officials stand accused of using excessive physical force" constituting "unnecessary and wanton infliction of pain," the key issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm"); *Skrtich v. Thornton*, 280 F.3d 1295, 1304 (11th Cir. 2002) ("[A] prisoner cannot be subjected to gratuitous or disproportionate force that has no object but to inflict pain.").

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 19) and **DIRECTS** the Clerk to submit this matter to the Magistrate Judge for instructions regarding service of process.

**SO ORDERED** this 15th day of November, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

3